UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PREBLE-RISH HAITI, S.A.,

                          Plaintiff,                          21-cv-9040 (PKC)


            -against-                                OPINION AND ORDER


REPUBLIC OF HAITI and BUREAU DE
MONÉTISATION DES PROGRAMMES
D'AIDE AU DÉVELOPPEMENT,

                          Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

            This is a motion by Banque Nationale de Crédit ("BNC"), an autonomous

commercial bank wholly owned by the Republic of Haiti, to intervene in this action and vacate

the maritime attachments of two bank accounts and more than $58 million in funds, of which

approximately $29 million are held in a BNC account at the Bank of New York Mellon (the

"BNC Mellon Account") and approximately $29 million are held in a BNC account at Raymond

James & Associates, Inc. ("RJAI"), another financial institution (the "BNC RJAI Account")

(collectively, the "BNC Accounts").

            While plaintiff Preble-Rish Haiti, S.A. ("Preble-Rish") and BNC do not dispute

the propriety of BNC's intervention in this action, they dispute (1) whether the funds in the BNC

Accounts are immune from attachment under the Foreign Sovereign Immunities Act ("FSIA"),

28 U.S.C. § 1609, and (2) whether either defendant has an interest in, or claim to the funds

contained within the BNC Accounts as required for a proper Rule B attachment.

The Court concludes that the attached BNC Accounts and the funds therein (1) constitute property in the United States of a foreign state, (2) do not fall under the exceptions enumerated in sections 1610 and 1611 of the FSIA and (3) are therefore immune from attachment under the FSIA.  28 U.S.C. § 1609.  The Court also concludes that Rule B attachment of the BNC Accounts is separately improper because there is insufficient evidence that the accounts and funds therein belong to the defendants in this action.  The Court will grant BNC's unopposed motion to intervene, grant its motion to vacate the maritime attachment of both the BNC Mellon Account and BNC RJAI Account, and deny Preble-Rish's request for additional discovery regarding the BNC Mellon Account and BNC RJAI Account.

BACKGROUND

Preble-Rish brought this action seeking a Rule B maritime attachment in aid of an arbitration against defendants Republic of Haiti and Bureau de Monétisation des Programmes d'Aide au Développement ("BMPAD"), a Haitian governmental agency.  The details of the underlying arbitration dispute between Preble-Rish and the defendants in this action have been laid out in prior Court orders, and familiarity with the Court's orders in the three related actions before the Court is presumed.[1]

BNC, which is not a party to the present action, is a commercial bank created by the Haitian Legislative Chamber and is a legally distinct and autonomous entity owned wholly by Haiti.  (Pierre-Louis Decl. of June 2, 2022 ¶¶ 3-6).  It is distinct from the central bank of the Republic of Haiti, the Banque de la Republique d'Haiti ("BRH").  (Id. ¶ 4.)  BNC is also distinct from BMPAD as a legal entity and BNC alleges that the Republic of Haiti and BMPAD have no

---

[1] The three related matters are: Preble-Rish Haiti, S.A. v. Bureau de Monétisation des Programmes d'Aide au Développement, 21-cv-4960 (PKC) (S.D.N.Y.) (the "4960 Case"), Preble-Rish Haiti, S.A. v. Bureau de Monétisation des Programmes d'Aide au Développement, 21-cv-6704 (PKC) (S.D.N.Y.) (the "6704 Case"), and the instant action (the "9040 Case").

claim to the assets contained in either the BNC Mellon Account or the BNC RJAI Account.  (Id. ¶ 11; Pierre Louis Decl. of July 11, 2022 ¶¶ 4-5.)  As an entity owned by the Republic of Haiti, BNC benefits from certain exemptions and privileges reserved for agencies or instrumentalities of Haiti.  For example, BNC is exempt from (1) paying state and communal taxes and duties on all its operations; (2) paying taxes on its imports; (3) providing sureties and guaranties in legal proceeds where the law requires parties to do so; and (4) paying judicial fees and costs to Haiti. (Pierre-Louis Decl. of June 2, 2022 ¶ 6.)  Among its missions, BNC receives and manages deposits on behalf of, among others, businesses and financial institutions, serves as a financial intermediary in investment, stock exchange and foreign exchange operations, and carries out credit and financing operations with businesses in which Haiti or BNC participate as shareholders.  (Id. ¶ 7.)  BNC has accounts outside of Haiti, including at The Bank of New York Mellon ("BNY Mellon") and RJAI, for, among other things, investment purposes and to support its customers in Haiti.  (Id. ¶ 8; Pierre-Louis Decl. of July 11, 2022 ¶ 5.)

On April 22, 2022, the Court granted an order directing the clerk to issue process of maritime attachment and garnishment on the BNC Mellon Account, which Preble-Rish asserted contained assets of the defendants in this action.  (Doc 53.)  The Court issued no such order as to the BNC RJAI Account, which has also been the subject of attachment by Preble-Rish "on or before May 5, 2022."  (Doc 64 at 2.)  Nor is the Court aware of any such application by Preble-Rish as to the BNC RJAI Account prior to the reassignment of this case from Judge Koeltl to the undersigned on December 3, 2021.

Relatedly, the Court does not understand or agree with Preble-Rish's factual assertion that the basis for serving the writ of attachment on the BNC RJAI Account was the evidence submitted "with its application for the issuance of the writ of attachment of BNC's

Raymond James account which established that defendants were moving funds through BNC's accounts," for which it cites the exhibits attached to its July 22, 2022 letter. (Doc 71.) The exhibits are: 1) a Process of Maritime Attachment and Garnishment as to the "bank account of BB Energy located at Natixis Bank," dated November 12, 2021; 2) an Order from Judge Koeltl directing the Clerk to issue a Process of Maritime Attachment and Garnishment as to the "account of BB Energy located at Natixis Bank," dated November 3, 2021; 3) a list of intermediary banks, which does not include RJAI; and 4) a letter from BMPAD to BNC which also does not mention RJAI. (Id.) Given the record, including the exhibits highlighted by Preble-Rish itself that do not discuss RJAI, the Court concludes that unlike for the issuance of the writ of attachment as to the BNC Mellon Account, Preble-Rish made no evidentiary showing to either Judge Koeltl or this Court as to the propriety of the attachment of the BNC RJAI Account.

On June 3, 2022, BNC moved to intervene in the action and vacate the maritime attachment of funds in excess of $29 million in the BNC Mellon Account. (Doc 57.) On June 7, 2022, the Court issued an Order to Show Cause in writing why an order should not be issued granting BNC's motions to intervene and vacate the maritime attachment. (Doc 61.) On June 27, 2022, BNC filed a letter to the Court regarding the allegedly improper attachment of funds in excess of $29 million, this time in the BNC RJAI Account. Preble-Rish did not timely respond to BNC's June 27, 2022 letter. On July 11, 2022, BNC filed its reply brief in connection with its motion to vacate the maritime attachment of the BNC Mellon Account, in which it also discussed Preble-Rish's attachment of funds in the BNC RJAI Account. (Doc 67-69.)

On July 14, 2022, the Court ordered, in response to BNC's June 27, 2022 letter requesting vacatur of the attachment of the BNC RJAI Account, that (1) BNC's discussion of the

BNC RJAI Account in its reply brief will be deemed to be a motion to vacate the attachment of

the BNC RJAI Account and (2) any response as to the BNC RJAI Account attachment would be

due on July 22, 2022.  (Doc 70.)  Preble-Rish responded for the first time regarding the BNC

RJAI Account on July 22, 2022 as discussed above, and incorporated the arguments in its June

23, 2022 brief to also oppose vacatur of the writ of attachment and request discovery as to the

BNC RJAI Account.  (Doc 71.)

DISCUSSION

      A.    <u>BNC's Motion to Intervene Will be Granted</u>

      Non-party BNC, who claims that its funds have been wrongfully attached, seeks

to intervene as of right in this action.  Rule 24(a)(2), Fed. R. Civ. P., provides in part that "[o]n

timely motion, the court must permit anyone to intervene who . . . claims an interest relating to

the property . . . that is the subject of the action, and is so situated that disposing of the action

may as a practical matter impair or impede the movant's ability to protect its interest, unless

existing parties adequately represent that interest."  <u>See</u> <u>Master Card Int'l, Inc. v Visa Int'l Serv.</u>

<u>Ass'n Inc.,</u> 471 F.3d 277, 389 (2d Cir. 2006).

      The Court first concludes that the motion is timely.  The Court "has broad

discretion in assessing the timeliness of a motion to intervene, which 'defies precise definition.'"

<u>In re Holocaust Victim Assets Litig.,</u> 225 F.3d 191, 198 (2d Cir. 2000) (quoting <u>United States v.</u>

<u>Pitney Bowes, Inc.,</u> 25 F.3d 66, 70 (2d Cir. 1994)).  The Court may consider, among other

factors, (1) how long the applicant had notice of its interest in the action before making its

motion; (2) the prejudice to the existing parties resulting from this delay; and (3) the prejudice to

the applicant resulting from a denial of the motion.  <u>Id.</u>  Here, BNC sought to intervene a little

more than a month after the process of maritime attachment and garnishment was issued as to the

BNC Mellon Account on April 22, 2022.  The Court concludes there is no prejudice to the

existing parties from the time BNC took before seeking to intervene in this action.  As also relevant to the issue of prejudice, Preble-Rish itself does not dispute the timeliness of BNC's motion, nor does Preble-Rish oppose BNC's motion to intervene.  (Preble-Rish Br. at 5.)  In contrast, denial would cause significant prejudice to BNC, when any delay in its motion to intervene was likely insufficient to substantially prejudice the existing parties, and it has significant property interests implicated by this action, as explained below.

        The Court also concludes that BNC properly claims an interest in the property implicated in this action and that the existing parties do not adequately represent BNC's interest, as it is undisputed that BNC has an interest in the BNC Mellon Account and BNC RJAI Account.  "The [adequately represents] requirement . . . is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal."  Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972) (quoting 3B J. Moore, Federal Practice 24.09–1 (4) (1969)).  See also N.Y. Pub. Int. Rsch. Grp., Inc. v. Regents of Univ. of State of N.Y., 516 F.2d 350, 352 (2d Cir. 1975) (intervenor would make "a more vigorous presentation").  Here, representation of BNC's interests in the attached funds by the Republic of Haiti (whose motion for relief from the judgment in the 6704 Case is still pending) or BMPAD is likely inadequate given the legal and functional distinction between the entities—the Republic of Haiti is a sovereign state, while BMPAD is a Haitian government agency and BNC is an autonomous commercial bank wholly owned by the Republic of Haiti.

        Accordingly, the Court will grant BNC's motion to intervene as of right.

B.     BNC's Motions to Vacate Attachment Will Be Granted

BNC has moved to vacate the attachment of the BNC Mellon Account and the BNC RJAI Account principally on two grounds.  First, BNC argues that the BNC Accounts are immune from attachment because the accounts and the funds within qualify as "property in the United States of a foreign state" under the FSIA and none of the exceptions to immunity under the FSIA applies.  28 U.S.C. §§ 1603, 1609-1610.  Second, BNC argues that attachment is improper because defendants have no interest or claim in the funds in the attached BNC Accounts, which belong exclusively to BNC.  The Court concludes that (1) the BNC Mellon Account and BNC RJAI Account are immune from attachment; (2) exceptions under sections 1610 and 1611 of the FSIA do not apply; and (3) Rule B attachment of the BNC Accounts is improper independently from the FSIA because there is insufficient evidence that the accounts and the funds therein belong to either of the defendants.

i.     The BNC Accounts Are Immune From Attachment Under the FSIA

a.     BNC Is a Foreign State Legally Separate From Haiti and BMPAD

Under the FSIA, "property in the United States of a foreign state shall be immune from attachment . . . except as provided in [28 U.S.C. §§ 1610-1611.]"  28 U.S.C. § 1609.  The FSIA defines a "foreign state" to include "an agency or instrumentality of a foreign state," which is defined as any entity "(1) which is a separate legal person, corporate or otherwise," and "(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof," and "(3) which is neither a citizen of a State of the United States as defined in section 1332 (c) and (e) of this title, nor created under the laws of any third country."  28 U.S.C. § 1603(a)-(b).

The Court concludes that applying the statutory text of the FSIA, BNC qualifies as an "agency or instrumentality of a foreign state."  Based on the June 2, 2022 and July 11, 2022 declarations of Raoul Pierre-Louis (Doc 59, 68), BNC is a legally distinct commercial bank that is wholly owned by the Republic of Haiti, while the statute only requires that the foreign state in question own a majority of the legally distinct entity's shares or other ownership interest, thus satisfying the first two requirements under section 1603(b).  28 U.S.C. § 1603(b).  As to the final requirement under section 1603(b), it is undisputed that BNC is "neither a citizen of a State of the United States . . . nor created under the laws of any third country."  Id.  Next, because the FSIA defines a "foreign state" to include an "agency or instrumentality of a foreign state as defined in subsection (b)," 28 U.S.C. § 1603(a), BNC therefore also qualifies as a "foreign state" under the FSIA.  Consequently, the BNC Mellon Account and the BNC RJAI Account, and the funds therein, qualify as "property in the United States of a foreign state," 28 U.S.C. § 1609, which is immune from attachment unless one of the exceptions to immunity under sections 1610 and 1611 of the FSIA applies.

As relevant here, and as emphasized by the Supreme Court and the Second Circuit, "basic legal principles, the FSIA's legislative history, and considerations of comity and respect for foreign sovereigns all dictate that 'duly created instrumentalities of a foreign state are to be accorded a presumption of independent status.'"  Gater Assets Ltd. v. AO Moldovagaz, 2 F.4th 42, 55 (2d Cir. 2021) (citing First Nat'l Bank v. Banco Para El Comercio Exterior de Cuba, 462 U.S. 611 (1983) ("Bancec")).  "This 'presumption of separateness is a strong one,'" although it may be overcome in two circumstances: (1) "where a corporate entity is so extensively controlled by its owner that a relationship of principal and agent is created," or (2) "where recognizing the instrumentality's separate juridical status 'would work fraud or injustice.'"  Id.

(quoting <u>Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi</u>, 215 F.3d 247, 252 (2d Cir. 2000) and <u>Bancec</u>, 462 U.S. at 628-29).  Neither exception is alleged here, nor does the Court see support in the record for concluding (1) that defendants exercise the required degree of extensive control over BNC, an autonomous commercial bank, or (2) that fraud or injustice would result from recognizing BNC's separate juridical status.  Accordingly, the Court concludes that the presumption of separateness applies to BNC and will treat BNC as a foreign state that is legally separate from the Republic of Haiti and BMPAD.

　　　　　b.　　　<u>Exceptions to Immunity From Attachment Do Not Apply</u>

As relevant here, section 1610 of the FSIA provides certain exceptions to immunity from attachment, such as for attachment in aid of executing a judgment based on an order confirming an arbitral award rendered against the foreign state:

> The property in the United States of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—
>
> . . .
>
> > (6) the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement.

28 U.S.C. § 1610(a).

Applying the statutory text of the FSIA, the attachment here fails to meet a necessary condition for the FSIA's immunity exception for arbitral awards: that the confirmed arbitral award forming the basis for judgment and attachment must have been "rendered against *the* foreign state" whose property is being attached.  28 U.S.C. § 1610(a)(6) (emphasis added).

Here, the judgment in the 6704 Case is based on an order confirming an arbitral award rendered against the Republic of Haiti and BMPAD.  The attachment, however, applies not to "[t]he property in the United States" of the Republic of Haiti or BMPAD, but to property owned by BNC, a legally distinct and autonomous commercial bank.

The same deficiency exists as to Preble-Rish's alternative argument for establishing an exception to immunity under section 1610(d), which provides in part that "[t]he property of a foreign state . . . used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States" if "(2) the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against *the* foreign state."  28 U.S.C. § 1610(d) (emphasis added).  Here, the judgment in the 6704 Case was entered against the Republic of Haiti and BMPAD, not BNC.

Although Preble-Rish claims that the Republic of Haiti and BMPAD maintain one or more significant accounts with BNC, it offers no evidence that the attached BNC Mellon Account or the BNC RJAI Account contains funds belonging to the Republic of Haiti or BMPAD.[2]  The exhibits cited in Preble-Rish's brief in discussing the BNC Mellon Account appear virtually identical to Exhibits B and C to Preble-Rish's July 22, 2022 letter discussing the factual basis for the attachment of the BNC RJAI Account.  For reasons explained below, these exhibits do not demonstrate that the defendants in this case own the funds contained in either the BNC Mellon Account or the BNC RJAI Account.  (Doc 71.)

---

[2] Preble-Rish cites to Exhibits A and B of "Doc No. 52."  The sealed document in question, however, as maintained by docketing services and confirmed by the Court, is a memo endorsement from the Court denying a two-page ex parte application by Preble-Rish, and does not include any of the exhibits Preble-Rish faxed to the Court along with its application.  It also appears, based on BNC's reply brief, that Preble-Rish erroneously cited to Exhibits A and B to the ex parte application faxed to chambers, when it meant to cite to Exhibits B and C.  (BNC Reply Br. at 3 n.3-4.)  But based on the parties' filings, the Court concludes that the parties and the Court have access to the same documents.  Preble-Rish shall file these exhibits to the docket.

Exhibit B appears to simply list BNC's intermediary or correspondent banks, with no mention of whether the Republic of Haiti or BMPAD owns the accounts or has any interest in the funds contained therein.  Exhibit C is a letter, stamped on July 10, 2020, from BMPAD to Raoul Pierre-Louis, the Chairman of the Board of Directors at BNC, to transfer $2,019,600.00 from "account No. 1661017504" named "Bureau de Monétisation/Petrocaribe"—which BNC alleges is BMPAD's account with BNC in Haiti (Pierre-Louis Decl. of July 11, 2022)—to Preble-Rish's account at the "HANCOCK WHITNEY BANK, HOUSTON." BMPAD's account for this transaction appears distinct from the BNC Mellon Account, whose account number ends in "3983."  (Doc 61.)  Exhibit C does not mention BNY Mellon, the BNC Mellon Account, RJAI or the BNC RJAI Account.

In contrast, BNC has submitted sworn declarations from Raoul Pierre-Louis stating: "[t]o be perfectly clear, no funds belonging to Defendants, and no funds over which Defendants may have a claim, are or have been deposited in the BNC Mellon Account, and no funds belonging to Defendants have ever been transferred into such Account."  (Pierre-Louis Decl. of July 11, 2022 ¶ 4.)  He further declared that the BNC Mellon Account ending in numbers 3983 contains "funds belonging exclusively and fully to BNC under the laws of Haiti," which BNC uses "to facilitate U.S.-dollar denominated transactions of BNC's depositors in Haiti through electronic fund transfers."  (Id. ¶ 3.)  Similarly, Pierre-Louis declares that the BNC RJAI Account belongs exclusively to BNC, and defendants have no claim to the assets contained therein.  (Id. ¶ 6.)

Furthermore, BNC has also submitted (1) a declaration from a BNY Mellon representative and (2) a letter sent to Preble-Rish's counsel by RJAI's counsel, both of which corroborate BNC's claims and undermine (if not outright dispute, as in the case of BNY Mellon)

Preble-Rish's claims that the defendants own the BNC Mellon Account, the BNC RJAI Account and the funds contained therein.

Through Christopher J. Soller, the Senior Managing Counsel of BNY Mellon's Legal Department, "BNY Mellon disputes Plaintiff's conclusions" that "the freeze implemented by BNY Mellon constitutes '*prima facie evidence that the right to those funds attached belong to Defendants*.'" (Soller Decl. of July 11, 2022 Ex. 2 ¶ 3-4 (emphasis in original).) According to Soller, "BNY Mellon restrained the funds as a preventive measure" assuming that "BNC or Defendants could and would dispute any untrue assertions, and that after all parties had a chance to be heard, a final order would be issued specifying if all, a part, or none of the funds should remain restrained." (Id. ¶ 4.) "BNY Mellon did not engage in any account analysis, rely on documents in its control, or perform diligence other than the standard process of maritime attachment, which involves reviewing the language of the Order and pleadings, identifying accounts which may be in its scope, and temporarily applying the restraint." (Id.) Soller further declared that the BNC Mellon Account "is in the name of BNC," and to "the knowledge of BNY Mellon, only BNC is permitted to deposit or withdraw money from the account." (Id. ¶ 5.)

Similarly, Ross Firsenbaum, counsel for RJAI, stated to Preble-Rish's counsel in a June 23, 2022 letter that "RJAI has not identified any account at RJAI in the name of either Defendant," but "has identified one account with assets at RJAI in the name of BNC," whose funds it will restrain until a court of competent jurisdiction orders otherwise. (Doc 69-2.) RJAI's counsel claimified that "[i]n restraining such funds, RJAI is not making any representation that any of such funds belong to or are under the control of any Defendant or are properly subject to attachment. *Indeed, RJAI is not aware of any facts supporting such conclusions*. RJAI is

restraining such funds out of an abundance of caution to ensure that it not accused of violating a court order." (Id. (emphasis added).)

Preble-Rish's failure to proffer sufficient support as to the defendants' ownership interests in the attached BNC Mellon Account and BNC RJAI Account forecloses its efforts to establish an exception to the attachment immunity rule under either subsections 1610(a)(6) or 1610(d) of the FSIA.  Accordingly, the Court concludes that Preble-Rish has failed to rebut the presumption that the BNC Mellon Account and the BNC RJAI Account, as well as the funds therein, are immune from attachment under the FSIA as property in the United States of a foreign state.  The Court will therefore vacate the attachments as to the BNC Mellon Account and the BNC RJAI Account.

ii.     The Attachments Do Not Satisfy Rule B Requirements

While the Court's holding regarding immunity from attachment under the FSIA is sufficient for the resolution of the instant motions, the Court also briefly notes that the insufficient evidence as to the defendants' interest or ownership in the funds attached in the BNC Mellon Account and the BNC RJAI Account is similarly fatal to the Rule B attachment here, as "[f]or maritime attachments under Rule B . . . the question of ownership is critical." Shipping Corp. of India Ltd. V. Jaldhi Overseas Pte Ltd., 585 F.3d 58, 69 (2d Cir. 2009).  "As a remedy *quasi in rem*, the validity of a Rule B attachment depends entirely on the determination that the *res* at issue is the property of the defendant at the moment the *res* is attached. . . . If the *res* is not the property of the defendant, then the court lacks jurisdiction." Id. (citations omitted).  Insufficient evidence that the attached accounts are the property of either the Republic of Haiti or BMPAD, as opposed to the exclusive property of BNC, independently calls for vacatur of the Rule B attachments of the accounts here.

      iii.    <u>Preble-Rish's Request for Discovery Will Be Denied</u>

In its brief, Preble-Rish requests that "in the alternative," the Court should also order discovery such that Preble-Rish may determine additional details relating to the assets held in the BNC Mellon Account. (Preble-Rish Br. at 14.) In its recent July 22, 2022 letter submission to the Court, however, Preble-Rish requests that "prior to any decision on the motions to vacate, the Court permit limited discovery directed to the source of the funds in the BNC accounts," meaning the BNC Mellon Account and BNC RJAI Account at issue in the motions to vacate. (Doc 71 at 2.) Whether Preble-Rish is requesting discovery prior to, or in the wake of any ruling on the motions to vacate, the Court will deny Preble-Rish's request for discovery regarding the BNC Accounts for the below reasons.

The Second Circuit has held that "FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation." <u>NML Cap., Inc.</u>, 652 F.3d 172, 194 (2d Cir. 2011) (quoting <u>Kelly v. Syria Shell Petroleum Dev. B.V.</u>, 213 F.3d 841, 849 (5th Cir. 2000)). In the FSIA context, "[w]hen sovereign immunity is at issue, discovery is warranted 'only to verify allegations of specific facts crucial to an immunity determination." <u>Arch Trading Corp. v. Rep. of Ecuador</u>, 839 F.3d 193, 207 (2d Cir. 2016). For the reasons discussed above, the BNC Accounts "w[ere] never . . . attachable asset[s]" and Preble-Rish has failed to "show[] a reasonable basis for assuming jurisdiction" over BNC. <u>EM Ltd. v. Rep. of Argentina</u>, 473 F.3d 463, 486 (2d Cir. 2007).

It is unclear what further information Preble-Rish would or could seek relating to either the BNC Mellon Account or the BNC RJAI Account that would rebut the substantial evidence indicating that the accounts belong exclusively to BNC and not the defendants in this case, as discussed above. <u>See</u> <u>Arch Trading</u>, 839 F.3d at 207. Accordingly, recognizing the

14

Court's "'wide latitude to determine the scope of' of discovery," and the principle that "sovereign immunity protects a sovereign from the expense, intrusiveness, and hassle of litigation," the Court will deny the request for discovery as to the BNC Accounts.  Id. at 206.

The Court also notes that to the extent that Preble-Rish seeks post-judgment discovery for assets upon which the judgment may be executed, there is already a pending motion by Preble-Rish to compel the deposition testimony of Michel Patrick Boisvert, the Minister of Economy and Finance for the Republic of Haiti, which has been fully briefed and will be adjudicated in due course.  (Doc 62.)  As Preble-Rish itself described, Boisvert's testimony would be relevant to "information regarding assets that could be attached" to satisfy the judgment in the 6704 Case.  (Id.)  The Court will consider discovery requests as appropriate in light of the pending motion to compel, as well the pending motion to grant relief to the Republic of Haiti from the judgment in the 6704 Case.

Finally, in light of these holdings, the Court declines to address the remainder of BNC's arguments on the motion, including its assertion that the underlying action is not a maritime action.

CONCLUSION

The Court has considered the arguments of BNC and Preble-Rish, whether or not explicitly referenced herein.  For the reasons stated above, BNC's motion to intervene is GRANTED.  BNC's motions to vacate the attachment of its funds in the BNC Mellon Account and the BNC RJAI Account is GRANTED.  Preble-Rish's request for discovery regarding the BNC Mellon Account and BNC RJAI Account is DENIED.

As noted, nothing in this Order shall be construed to affect (1) the Republic of Haiti's pending motion for relief from the judgment issued in the 6704 Case; and (2) Preble-

Rish's pending motion to compel the deposition testimony of Michel Patrick Boisvert, which will both be adjudicated in due course.

Within seven days of this Order, Preble-Rish shall file to the docket the two exhibits referenced in footnote two of this Order.

The Clerk is respectfully directed to terminate the motions (Doc 64).


SO ORDERED.


P. Kevin Castel
United States District Judge

Dated: New York, New York
        July 27, 2022

16