```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PREBLE-RISH HAITI, S.A.,

                        Plaintiff,                 21-cv-9040 (PKC)


            -against-                              ORDER


REPUBLIC OF HAITI and BUREAU DE
MONÉTISATION DES PROGRAMMES
D'AIDE AU DÉVELOPPEMENT,

                        Defendants.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

        The Court is in receipt of Preble-Rish, S.A.'s ("Preble-Rish") July 28, 2022 letter application (Doc 73), requesting amendments to the Court's Opinion and Order of July 27, 2022 granting Banque Nationale de Crédit's ("BNC") motion to intervene, motions to vacate the maritime attachment of its accounts at the Bank of New York Mellon ("BNY Mellon") (the "BNC Mellon Account") and Raymond James & Associates, Inc. ("RJAI") (the "BNC RJAI Account"), and denying Preble-Rish's request for additional discovery.  (Doc 72.)  Specifically, the application seeks amendments relating to "two statements of fact presented in the Background section of the Opinion and Order," which Preble-Rish contends are "not accurate." (Doc 73.)

        The first challenged statement reads:

> On April 22, 2022, the Court granted an order directing the clerk to issue process of maritime attachment and garnishment on the BNC Mellon Account, which Preble-Rish asserted contained assets of the defendants in this action.  (Doc 53.)  The Court issued no such order as to the BNC RJAI Account, which has also been the

> subject of attachment by Preble-Rish "on or before May 5, 2022."
> (Doc 64 at 2.)  Nor is the Court aware of any such application by
> Preble-Rish as to the BNC RJAI Account prior to the reassignment
> of this case from Judge Koeltl to the undersigned on December 3,
> 2021."

(Doc 72 at 3.)  Contrary to its assertions in the first paragraph of its letter, Preble-Rish does not actually argue that the quoted material is "not accurate" as a matter of fact.  Rather, it asserts that the quoted material "*implies*, wrongly, that PRH was not permitted to serve" the writ of attachment on RJAI.  (Doc 73 (emphasis added).)

The Opinion and Order of July 27, 2022 did not need to, and did not reach the issue of whether Preble-Rish acted in bad-faith, as urged by BNC (Doc 64) and denied by Preble-Rish (Doc 71, 73) in serving a writ of attachment on RJAI.  The Court, however, did need to resolve whether attachment of the BNC RJAI Account was proper.  This determination relied, among other factors, on the proffered factual basis for attachment of the BNC RJAI Account.

The quoted material from the Opinion and Order's background section serves to highlight that while Preble-Rish at least offered *some* evidence (which the Court ultimately found unconvincing in vacating the attachment) that the defendants owned property in the BNC Mellon Account, it did not do so before serving the writ of attachment on the BNC RJAI Account.  For example, the April 22, 2022 Order, *inter alia*, specifically refers to the "assets located in the account of [BNC] at Bank of New York Mellon," and orders the issuance of the process of maritime attachment and garnishment against property of the defendants held by garnishees, "including but not limited to BMPAD's assets located in the account of BNC at Mellon Bank."  (Doc 53 at 2.)  It is factually correct that the Court issued "no such order," as to the BNC RJAI Account, meaning, an order that (1) was issued in response to at least some

evidence referencing the specific banking institution as the garnishee and (2) repeatedly mentioned the specific banking institution in question.

This evidentiary disparity, which the Court highlighted in the quoted section, is further emphasized by the immediately following sentence and paragraph, in which the Court expresses doubt and confusion as to Preble-Rish's purported evidentiary basis for serving the writ of attachment on the BNC RJAI Account, as Preble-Rish cited materials related to the attachment of an unrelated "bank account of BB Energy located at Natixis Bank" from November of 2021, with no mention of RJAI.  (Doc 72 at 3-4.)  Accordingly, because the Court sees neither inaccurate statements of fact nor inaccurate implications within the quoted materials, the Court will decline to amend the first quoted section.

The second challenged statement reads: "Preble-Rish did not timely respond to BNC's June 27, 2022, [sic] letter."  (Doc 73 (quoting Doc 72 at 4.).)  This, however, is a factually accurate statement.  At the time it was filed and prior to the Court's setting of a separate briefing schedule on July 14, 2022 (Doc 70), BNC's June 27, 2022 letter (Doc 64) could have been either (1) a "letter-motion" under Local Civil Rule 6.1, which provides a default response deadline of fourteen days after service of the moving papers; or (2) a "Pre-Motion Letter" under Section 3.A. of the undersigned Individual Practices, which states that in the default, "[a] response to the letter shall be filed within four business days."  See Local Civil Rule 6.1 ("[U]nless otherwise provided by . . . the Court in a Judge's Individual Practice or in a direction in a particular case, upon *any* motion . . . memoranda *shall* be served and file as follows[.]" (emphases added)); Individual Practices of Judge P. Kevin Castel ("Unless otherwise ordered, all civil actions and miscellaneous matters before Judge Castel *shall* be conducted in accordance with the following practices." (emphasis added)).

As the Court had not "otherwise" ordered a deadline to respond prior to July 14, 2022 and Preble-Rish did not respond to BNC's June 27, 2022 letter within fourteen days—the more lenient default deadline—it is a factually accurate statement that "Preble-Rish did not timely respond to BNC's June 27, 2022 letter."[1]  Accordingly, the Court will also decline to amend the second quoted section.

Preble-Rish's application is DENIED.

SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 28, 2022

---

[1] The Court notes that if it were necessary to categorize BNC's June 27, 2022 letter—which it is not—BNC's letter would be best characterized as a pre-motion letter.  While the letter "request[ed] that this Court vacate any attachment," and referenced a potential "emergency order to show cause seeking vacatur and sanctions against Plaintiff for its bad faith conduct," (Doc 64 at 1), BNC did not actually file a motion brought by order to show cause and referred to wanting to "avoid further motion practice to vacate."  Accordingly, the letter likely does not fall under the exception for motions brought by order to show cause in Section 3.A.i. of the undersigned's Individual Practices.  In other words, the deadline Preble-Rish missed was likely four days, not fourteen.